**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000136
03-JUL-2013
09:42 AM**

NO. CAAP-11-0000136

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE TRUST ESTATE OF
DON HO, also known as DONALD TAI LOY HO

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 08-1-0013)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Respondent-Appellant Dondi Ho-Costa (**Ho-Costa**) appeals *pro se*[1] from a February 7, 2011 order granting Petitioners-Appellees the Trustees of the Don Ho Revocable Living Trust's (**Trustees**) June 28, 2010 Petition to Compel Arbitration and Appointment of Arbitrator (**Order Compelling Arbitration**) entered by the Circuit Court of the First Circuit, Probate Division (**Probate Court**).[2] Respondents-Appellants Dorianne Ho (a.k.a. Dorianne L. DeMattos) (**DeMattos**), Elizabeth Guevara (**Guevara**), and Donalei Ho (**Ho**) also filed *pro se* a "Joint Notice of Appeal",

---

[1] Although Ho-Costa was represented by counsel when the Notice of Appeal was filed, counsel withdrew from representation on August 17, 2011, prior to the briefing of this case.

[2] The Honorable Bert I. Ayabe presided.

but did not file briefs or otherwise prosecute their appeals herein.[3/]

Instead of an opening brief, Ho-Costa filed a document entitled "Declaration of Dondi Ho-Costa to the Honorable Court of Appeals" (**Declaration**). Ho-Costa's Declaration fails to identify any points of error and otherwise fails in numerous and substantial ways to comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4). It appears, however, from our review of the Declaration, and all of the records and files herein and in the proceedings below, that Ho-Costa is aggrieved by and seeks relief from the Probate Court's order enforcing an arbitration provision that was set forth in a settlement agreement entered into by Ho-Costa.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Ho-Costa's points of error as follows:

Ho-Costa's failure to identify points of error, record references, and/or evidence or cogent legal arguments in support of any relief from the Probate Court's Order Compelling Arbitration severely hampers our review of this case. Nevertheless, it appears indisputable that the settlement agreement entered into by Ho-Costa contains an arbitration agreement and that the subject matter of this dispute falls within the scope of the arbitration agreement. See Koolau Radiology, Inc. v. Queen's Med. Ctr., 73 Haw. 433, 445, 834 P.2d 1294, 1300 (1992) ("[W]hen presented with a motion to compel arbitration, the court is limited to answering two questions: 1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable

---

[3/] It appears that the same (or an identical) Joint Notice of Appeal was filed in CAAP-11-0000142 and will be addressed therein.

under such agreement."). Even if all or part of the settlement agreement itself was unenforceable, the parties' agreement to arbitrate may be enforced. Lee v. Heftel, 81 Hawai'i 1, 4, 911 P.2d 721, 724 (1996) ("[A]rbitration clauses are *separable* from the contracts in which they are embedded, and where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud.") (citation omitted).

Accordingly, we affirm the Probate Court's February 7, 2011 Order Compelling Arbitration.

DATED: Honolulu, Hawai'i, July 3, 2013.

On the briefs:

Dondi Ho Costa
Respondent-Appellant Pro Se

Crystal K. Rose
Adrian L. Lavarias
(Bays Lung Rose & Holma)
for Petitioners-Appellees

Presiding Judge

Associate Judge

Associate Judge

3